OPINION OF THE COURT
Paul L. Klein, J.
This proceeding raises a question of apparent first impression: If a tenant wins a rent abatement from her landlord because of noise caused by a neighbor, may the landlord recoup its loss from the noisemaker?
Sally Marine and her husband, Roy, withheld rent from their landlord, Regency Joint Venture, because of continuous noise emanating from the apartment just above theirs. Regency brought a holdover proceeding against the upstairs neighbor, Tommy DeMaio, as well as a nonpayment proceeding against the withholding Marines. The two proceedings were ultimately consolidated for trial.
*692 My findings include these: (1) Noise of lease-breaking and nuisance proportions issued frequently from the DeMaio apartment, caused by Mr. DeMaio and/or persons under his control. (He has since cured.) (2) The Marines promptly and repeatedly complained to Regency. (3) The latter regularly transmitted the complaints to Mr. DeMaio, but failed to take sterner measures soon enough (e.g., the threat of suit and its actuality). (4) The Marines were entitled to a rent abatement of $3,240.
The abatement has been paid. Regency is thus out of pocket because of Mr. DeMaio. It seems reasonable to make him repay the loss he imposed.
The DeMaio lease provides for indemnification. The only question before me is whether that relief can be granted in this proceeding; if not, Regency will be relegated to a plenary action or to a nonpayment proceeding for additional rent under the lease.
In Cohen Agency v Perlman Agency, our Court of Appeals noted that the "salutary goal” of interpleader can be achieved by such similar devices as joint trial or (as we have here) consolidated trial. (51 NY2d 358, 365-366 [1980].) The aim in each instance is " 'the determination of the primary liability as well as the ultimate liability in one proceeding, whenever convenient.’ ” (11th Ann Report of NY Jud Council, at 58 [1945], as quoted in Krause v American Guar. & Liab. Ins. Co., 22 NY2d 147, 153 [1968].)
I see no reason this policy should not apply to summary proceedings under RPAPL article 7.
However, while I find Mr. DeMaio liable over to Regency, the dollar amount should be less than the $3,240 abatement won by the Marines, since Regency’s response to their complaints lacked a degree of vigor. I fix the respective liability of DeMaio and Regency at 60% and 40%.
Regency may thus enter judgment against Tommy DeMaio for $1,944. The judgment shall provide for stay of the issuance of the warrant for 10 days after personal service of a copy of the judgment, with notice of entry, upon Mr. DeMaio’s attorney (or 15 days, if service is by mail).
I am retiring from the Bench in a few weeks. Accordingly, Regency’s prayer for a hearing on counsel fees is severed, and may be restored to the Part 18 calendar by motion.